**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ROBERT SHROUT,**

    Petitioner,

v.
                                 **CIVIL ACTION NO. 2:13-CV-22
                                 (BAILEY)**

**EVELYN SEIFERT, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 41]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on July 21, 2014, wherein he recommends this Court dismiss the petitioner's § 2254 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflect service was accepted on July 23, 2014 [Doc. 42]. Petitioner timely filed his Objections [Doc. 43] on August 5, 2014. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background

Robert Shrout is a convicted murderer serving a life sentence with the possibility of mercy plus five years. His first motion for new trial was denied on December 10, 1984. Petitioner filed a second motion for a new trial on January 31, 1985, and that same day, the trial court imposed sentence. The second motion for new trial was later denied on February 22, 1985. He appealed his conviction to the West Virginia Supreme Court of Appeals ("WVSCA"), which rejected the same on July 29, 1987. Petitioner did not pursue a writ of *certiorari*. Petitioner filed a *pro se* petition for post-conviction relief with the circuit court, which held an evidentiary hearing, and ultimately denied relief. He appealed, and the WVSCA summarily denied the same. Petitioner filed a second petition for state post-conviction relief and DNA testing pursuant to W.Va. Code § 15-2B-4 on June 8, 2007. Evidence used against him at trial was tested, and the state habeas court held an evidentiary hearing May 11 and 14, 2009. On May 31, 2011, petitioner's post-conviction relief was again denied. Petitioner appealed to the WVSCA, which denied relief May 29,

2

2012. Petitioner now brings the instant federal petition pursuant to 28 U.S.C. § 2254.

## Applicable Law

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254(d)(2). "In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" ***Tucker v. Ozmint***, 350 F.3d 433, 439 (4th Cir. 2003).

Habeas corpus relief is not warranted, however, unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." ***Brecht v. Abrahamson***, 507 U.S. 619, 637 (1993); ***Richmond v. Polk***, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" ***Brecht***, *supra*.

A state court decision "involves an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." ***Williams v. Taylor***, 529 U.S. 362, 412 (2000). An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." ***Id***. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent

judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. *Id*. at 411.

**Discussion**

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The plain language of the statute provides that a petitioner may rebut the presumption of correctness of the state court's factual findings. One way this may arguably be accomplished is by demonstrating that the state proceedings were procedurally flawed. The petitioner attempts to demonstrate such a flaw by arguing that the West Virginia Supreme Court of Appeals ("WVSCA") erred in setting its standard for review for the Zain/serology issues.[1] This forms the basis for the petitioner's first objection.

The petitioner argues that "[t]he Report and Recommendation fails to determine whether *Zain III*[2] amounts to an 'unreasonable application' of clearly established federal law." Apparently, the petitioner failed to read the concluding sentence of the R&R, wherein

---

[1] The history of the investigations of the West Virginia State serology lab and the misconduct by Fred Zain is thoroughly set forth in the R&R.

[2] *In re: Renewed Investigation of the State Police Crime Laboratory, Serology Division*, 219 W.Va. 408, 633 S.E.2d 762 (W. Va. 2006) ("*Zain III*").

4

the magistrate judge found that "the decision by the habeas court, denying petitioner habeas relief was neither contrary to, nor an unreasonable application of, clearly-established federal law." [Doc. 41 at 31]. The petitioner's true position on this issue is simply that he does not agree with the law.[3] He faults the Supreme Court's *Zain III* standard and simply wants all testimony presented by serologists in the State Police Crime Lab to be excluded. In that opinion, the Court held that "insufficient evidence of intentional misconduct [existed] to justify invalidating the work of serologists other than Zain." *Id*. at 767. In striking a fair balance, the Court continued, however, "this Court finds it necessary to enact additional safeguards to ensure that prisoners against whom serologists offered evidence receive a thorough, timely and full review of their challenges to the serology evidence." *Id*. at 769. In so doing, the Court implemented a five-factor test to determine whether a new trial is warranted: (1) the evidence must appear to have been discovered since trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained; (2) it must appear from facts stated in his affidavit that the defendant was diligent in discovering the new evidence, and that it could not have been discovered with due diligence before the trial; (3) such evidence must be new and material, and not merely cumulative; (4) the evidence must be such that it ought to produce an

---

[3] This Court must note that the additional state habeas procedures prescribed by *Zain III* cannot provide grounds for relief under 28 U.S.C. § 2254, as it is not based upon federal law or federal constitutional requirements. There is simply no federal constitutional requirement that the States provide any avenue for State post-conviction collateral relief, and any alleged infirmities in State post-conviction proceedings are not cognizable in federal habeas corpus. *See* ***Pennsylvania v. Finley***, 481 U.S. 551 (1987); ***Greer v. Mitchell***, 264 F.3d 663, 681 (6th Cir. 2001)("[T]he Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies."). Nevertheless, this Court has addressed the issue.

5

opposite result at a new trial on the merits; and (5) a new trial will generally be refused if the sole object of the new evidence is to discredit or impeach an opposing witness. *Id*. at 769 (citing **State v. Frazier**, 253 S.E.2d 534 (W. Va. 1979)). In addition, in cases involving serologists other than Zain, "a prisoner who challenges his or her conviction must prove that the serologist offered false evidence in his or her prosecution." *Id*.

The Court did not stop there. It further granted such prisoners a full habeas corpus hearing on the issue of the serology evidence, to be conducted in a timely manner, with counsel appointed, and directed the circuit courts to review such evidence "with searching and painstaking scrutiny" and ordered that the circuit court must write "a comprehensive order" including "detailed findings as to the truth or falsity of the serology evidence." *Id*. at 770. And the Court noted that such proceedings are not subject to the *res judicata* limitations normally applied to state habeas proceedings. *Id*.

The petitioner was afforded all of the above, yet the habeas court concluded that there was sufficient evidence, independent of the forensic evidence provided by Trooper Lynn Inman, a serologist from the West Virginia State Police Crime Lab, to support the jury verdict. And this Court would be remiss to neglect to point out that the DNA testing conducted as part of petitioner's 2007 habeas proceeding confirmed most of the results to which Trooper Inman testified. Moreover, the habeas court found that the testing and the testimony of Lt. Meyers on May 14, 2009, demonstrated that material false evidence was not presented at trial. Indeed, as noted in the R&R, the result of the DNA testing in 2008 would be even more damaging to the petitioner than the serological evidence presented in 1984 in light of scientific advances.

6

While the petitioner does not specify any constitutional infirmities in the *Zain* cases, this Court believes he asserts due process violations as he cites to ***Napue v. Illinois***, 36 U.S. 264 (1959). The Fourth Circuit Court of Appeals, however, has already rejected such a challenge in ***Ward v. Trent***, 188 F.3d 505 (4th Cir. 1999), *cert. denied*, 529 U.S. 1055 (2000). In that case, the Court held that "the [*Zain*] court properly recognized the constitutional significance of the issue, noting that it is a violation of due process for the state to convict a defendant based on false evidence. Drawing from Supreme Court precedent in ***Napue***, ***Giglio***, and ***Brady***, the West Virginia Supreme Court of Appeals determined that . . . the State must bear the responsibility for the false evidence. The law forbids the State from obtaining a conviction based on false evidence. The court then properly recognized that a conviction obtained on the basis of false evidence will be set aside only if it is shown that the false evidence had a material effect on the jury verdict." ***Ward***, 188 F.3d at *4 (citations omitted).

In reaching its determination, this Court must start with the premise that a conviction must be reversed if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." ***United States v. Agurs***, 427 U.S. 97, 103 (1976). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." ***Kyles v. Whitley***, 514 U.S. 419, 435 (1995). The Court emphasized that this is not a sufficiency issue, but rather an issue of whether all of the "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." ***Id***. at 435. As the Report

7

and Recommendation sets forth in detail, the record reveals that Shrout cannot meet this standard.

This Court will not rehash all the details of the evidence presented at trial as it is thoroughly laid out in the R&R. To recap, the petitioner had knowledge that the victim possessed a substantial amount of cash; the petitioner was seen in possession of the same denominations of cash (new $20 bills); in a corresponding amount to that which the victim possessed (prior to being robbed and murdered); a taxi dropped the petitioner at the victim's housing complex just before the time of the murder; petitioner was unusually attentive to the news media the morning after the murder; petitioner called his brother the same day to ask if he wanted to hitchhike to California the next day; and petitioner told his brother that he "thought [he] killed a girl." Further, the petitioner's defense at trial was to implicate the victim's boyfriend; however, several witnesses testified as to his alibi which placed him at a bar at the time of the murder. Finally, petitioner testified that he had obtained the money from a drug transaction at the Double Decker Bar; however, the bartender testified that petitioner had not been present that night.

Reviewing the above, absent the serology evidence, this Court finds the trial evidence nevertheless presents a clear picture of guilt beyond a reasonable doubt, and that there is no reasonable likelihood that the jury would have acquitted had it received only this foregoing account of events. *See **Agurs***, 427 U.S. at 103. While the petitioner objects that the R&R fails to find that there was a "reasonable likelihood" that the serology evidence presented by Trooper Inman influenced the jury, this Court finds that the addition of the serology evidence serves only to remove *all doubt* from the issue, a burden that the state

8

need not carry in order to convict. See **Ward**, 188 F.3d at *6. This objection is **OVERRULED**.

Petitioner's next objection argues that Trooper Inman is not an expert, but rather an "incompetent," and that the R&R "fails to acknowledge the power and influence inherent in the testimony" of one deemed by the trial judge to be an "expert." However, trial courts routinely instruct jurors that it is left to the jury to determine what weight or value, if any, to give the expert testimony itself. Merely because someone is qualified as an expert and offers an opinion does not require the jury to accept that opinion. Just as with any other witness, it is solely within the jurors' sound judgment to decide whether or to what extent such testimony is credible. This Court has reviewed the trial court's jury instructions in this case and finds such cautionary language was given. See Doc. 29-4 at 278. Accordingly, this Objection is **OVERRULED**.

Next, the petitioner makes a desperate argument that there were no eyewitnesses to the murder, and that the witnesses only provided circumstantial evidence of his guilt. This is argument is unavailing. While this Court would speculate that having an eyewitness to a murder is likely the exception, the law nevertheless makes no distinction between direct (eyewitness) evidence and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case. See **State v. Corey**, 233 W.Va. 297, 758 S.E.2d 117 (W. Va. 2014). In the trial court's instructions to the jury, the judge specifically charged that "[t]he State is relying upon circumstantial evidence . . .." [Doc. 29-4 at 275]. The trial court then properly explained the burden of proof and the manner in which the jury should

weigh such evidence.  In addition, the WVSCA has expressly held that "[i]f, on a trial for murder, the evidence is wholly circumstantial, but as to time, place, motive, means, and conduct it concurs in pointing to the accused as the perpetrator of the crime, he may properly be convicted."  *State v. Merritt*, 183 W.Va. 601, 606, 396 S.E.2d 871, 876 (1990).  The jury in this case did find the defendant guilty of first degree felony murder beyond a reasonable doubt, regardless of the form of evidence, and such was proper.  To the extent this serves as an objection, the same is hereby **OVERRULED**.

The petitioner's final objection to the R&R states that it fails to determine that all of Trooper Inman's testimony was false.  Having reviewed the record, this Court finds the testimony of Trooper Inman was not all false.  As previously noted, retesting of the DNA in 2008 actually confirms most of Trooper Inman's testimony.  This Objection is **OVERRULED**.

## **Conclusion**

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 41]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  The petitioner's Objections **[Doc. 43]** are **OVERRULED**.  The respondent's Motion for Summary Judgment **[Doc. 29]** is **GRANTED**.  Petitioner's Motion for Appropriate Relief **[Doc. 35]** is **DENIED AS MOOT**.  Accordingly, this Court **ORDERS** that the petitioner's § 2254 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Shrout has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 7, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE